IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

TRAVIS B. McKINNON,

    Petitioner,

v.      CIVIL ACTION NO.: CV614-018

CEDRIC TAYLOR, Warden, and
BRIAN OWENS, Commissioner,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Travis McKinnon ("McKinnon"), who is currently incarcerated at the Coffee County Correctional Facility in Nicholls, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his convictions obtained in the Toombs County Superior Court. Respondents filed a Motion to Dismiss. McKinnon filed a Response.[1] For the reasons which follow, Respondents' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

McKinnon was convicted in the Toombs County Superior Court, after a jury trial, of possession of cocaine with intent to distribute, obstruction of an officer, and giving

---

[1] Though McKinnon responded to the Motion to Dismiss, his Response does not address whether his section 2254 petition is timely filed.

false information to an officer, on March 25, 2009. McKinnon received a "split" sentence of 20 years' imprisonment, followed by 20 years' probation, on the cocaine charge and 12 months' consecutive probation on the remaining charges. (Doc. No. 7-1, p. 1). McKinnon filed a direct appeal, and the Georgia Court of Appeals affirmed his convictions and sentences on September 9, 2010. McKinnon v. State, 305 Ga. App. 871, 700 S.E.2d 875 (2010).

McKinnon filed a state habeas corpus petition on December 21, 2011. After an evidentiary hearing, the Coffee County Superior Court entered a final order denying McKinnon's petition on November 12, 2013. (Doc. No. 7-1, p. 2). McKinnon filed a certificate of probable cause to appeal this denial, which the Georgia Supreme Court denied.

In this petition, which was filed on March 7, 2014, McKinnon asserts that he received ineffective assistance of trial counsel because trial counsel did not object to the state's failure to prove venue. McKinnon also asserts his appellate counsel was ineffective for failing to raise the lack of proof of venue on appeal. (Doc. No. 1, p. 7). Respondents assert McKinnon's petition should be dismissed as untimely filed.

## DISCUSSION AND CITATION TO AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

The limitation period shall run from the latest of—

> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

AO 72A
(Rev. 8/82)

(B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

McKinnon's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). McKinnon was convicted in the Toombs County Superior Court on March 25, 2009, and he filed a direct appeal. The Georgia Court Appeals affirmed McKinnon's convictions and sentence by order dated September 9, 2010. McKinnon had a period of ten (10) days to file a motion for reconsideration or a notice of intent to apply for certiorari with the Georgia Supreme Court. GA. CT. APP. R. 37(b), 38(a)(1.); GA. SUPR. CT. R. 38(1). McKinnon failed to file either of these motions, and his conviction became final on September 19, 2010. Because McKinnon's conviction became final on September 19, 2011, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v.

3

AO 72A
(Rev. 8/82)

Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance- i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

As noted above, McKinnon's conviction became final on September 19, 2010. He had one year from that date to file a 28 U.S.C. § 2254 petition for writ of habeas corpus or a properly filed application for State post-conviction or other collateral review. McKinnon filed his state habeas corpus petition on December 21, 2011. By that time, the statute of limitations period applicable to section 2254 petitions had expired, and the state habeas corpus petition would not toll the federal statute of limitations. McKinnon's 28 U.S.C. § 2254 petition was not timely filed.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondents' Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that McKinnon's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED** as untimely filed.

**SO REPORTED** and **RECOMMENDED**, this 16th day of June, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

5